UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------
BRITISH AIRWAYS PLC,                    )   Case No. 05-11477(GAO)
                                        )
           Plaintiff,                   )
                                        )
     vs.                                )
                                        ) ANSWER OF DEFENDANT,
SIGNATURE FLIGHT SUPPORT                ) SIGNATURE FLIGHT SUPPORT
CORPORATION, and its subsidiaries, and  )
AIRCRAFT SERVICE INTERNATIONAL          )
GROUP, INC., and its subsidiaries and/or )
affiliated companies,                   )
                                        )
           Defendants.                  )
---------------------------------------------------------

      For its Answer to plaintiff's Complaint, defendant Signature Flight Support Corporation ("Signature") states as follows:

      1.    Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 1.

      2.    Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 2.

      3.    Denies the allegations in Paragraph 3, except admits that Signature is a corporation organized under Delaware law with its principal place of business in Florida.

      4.    Denies the allegations in Paragraph 4, except admits that Signature does business in Massachusetts and at certain times has performed services for British Airways at Logan International Airport.

      5.    Paragraph 5 is directed to another party. To the extent facts are alleged against Signature, they are denied.

6. Paragraph 6 is directed to another party. To the extent facts are alleged against Signature, they are denied.

7. Paragraph 7 asserts questions of law and no answer is required. To the extent facts are alleged against Signature, they are denied.

8. Paragraph 8 asserts questions of law and no answer is required. To the extent facts are alleged against Signature, they are denied.

9. Denies the allegations in Paragraph 9, except admits that Signature entered into a contract with British Airways, which was modified prior to July 13, 2002 by an assignment to ASI, Inc.

10. Denies Paragraph 10 except admits that the Agreement set out certain obligations and rights of both Signature and plaintiff, all of which are contained in the Agreement.

11. Denies the allegations of Paragraph 11 except admits that Signature provided fueling services at Logan International Airport during certain times.

12. Paragraph 12 is directed to another party. To the extent facts are alleged against Signature, they are denied.

13. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 13.

14. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 14.

15. Denies the allegations in Paragraph 15, except admits that a truck bearing Massachusetts State Vehicle Registration 0636, operated by a Signature employee, came into contact with an aircraft operated by British Airways on July 13, 2002.

16. Deny.

17. Denies the allegations in Paragraph 17, except admits that a truck bearing Massachusetts State Vehicle Registration No. 0636 came into contact with an aircraft operated by British Airways on July 13, 2002.

18. Paragraph 18 is directed to another party. To the extent facts are alleged against Signature, those facts are denied.

19. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 19.

20. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 20.

21. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 21.

22. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 22.

23. Deny.

24. Deny.

25. Paragraph 25 is directed to another party. To the extent facts are alleged against Signature, they are denied.

## AS TO FIRST CAUSE OF ACTION

26. Signature repeats and realleges each response to Paragraphs 1-25 as it fully set forth herein.

27. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 27.

28. Deny.

29. Deny.

30. Deny.

## AS TO SECOND CAUSE OF ACTION

31. Signature repeats and realleges each response to Paragraphs 1 -30 as if fully set forth herein.

32. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 32.

33. Deny.

34. Deny.

35. Deny.

## AS TO THIRD CAUSE OF ACTION

36. Signature repeats and realleges each response to Paragraphs 1-35 as if fully set forth herein.

37. Denies the allegations except admits that plaintiff and Signature entered into an agreement entitled Into Plane Fuel Service Agreement with terms set out therein.

38. Deny.

39. Deny.

40. Deny.

## AS TO FOURTH CAUSE OF ACTION

41. Signature repeats and realleges each response to Paragraphs 1-40 as if fully set forth herein.

42. Denies the allegations except admits that plaintiff and Signature entered into an agreement entitled Into Plane Fuel Service Agreement with terms set out therein.

43. Deny.

44. Deny.

45. Deny.

## AS TO FIFTH CAUSE OF ACTION

46. Signature repeats and realleges each response to Paragraphs 1-45 as if fully set forth herein.

47. Denies knowledge information sufficient to form a belief or to the truth of the allegation in Paragraph 47.

48. Deny.

49. Deny.

50. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint or various causes of action contained therein fails to state a claim against Signature upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting some or all of the causes of action contained in its Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has waived the right to assert some or all of the causes of action contained in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from maintaining an action for some or all of the causes of action contained in the Complaint pursuant to the doctrine of laches, or pursuant to applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

The contract between Signature and British Airways PLC explicitly states that under no circumstances shall either party be liable to the other for indirect, incidental, consequential, special or exemplary damages, whether brought in a contract action or a tort action and therefore all such claims by British Airways PLC are barred as a matter of law.

**SIXTH AFFIRMATIVE DEFENSE**

Some or all of the damages, if any, allegedly sustained by the plaintiff were caused in whole or in part by plaintiff's own pre-existing conditions or susceptibilities.

**SEVENTH AFFIRMATIVE DEFENSE**

Signature is entitled to an offset of any damages that it is held liable to pay by the amount of money or other compensation British Airways PLC already received for the alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of the damages, if any, sustained by the plaintiff were caused by the intervening and/or superseding negligence, actions, or conduct of persons other than Signature.

**NINTH AFFIRMATIVE DEFENSE**

Some or all of the damages, if any, allegedly sustained by plaintiff were caused in whole or in part by plaintiff's own contributory or comparative negligence.

## RESERVATION OF AFFIRMATIVE DEFENSES

Signature hereby expressly reserves, and does not waive, its right to assert any and all additional affirmative defenses, counter-claims, and third-party claims at such time and to such extent as discovery and factual development may establish a basis therefore.

*WHEREFORE*, having fully answered plaintiff's Complaint, Signature prays for the judgment in its favor and further moves this Court to deny Plaintiff's Prayers for Relief 1, 2, and 3 and dismissing plaintiff's Complaint with prejudice, and for an award of costs incurred in the defense of this matter, and for such other and further relief as the Court may deem just and equitable.

## JURY DEMAND
## DEFENDANTS REQUEST TRIAL BY JURY ON ALL CLAIMS.

Dated: New York, New York  
      October 12, 2005

Respectfully submitted,  
Defendant, Signature Flight Support Corp.,  
By its Attorneys,  
DOMBROFF & GILMORE, PC  
    /s/ Raymond L. Mariani  
By:_____  
Raymond L. Mariani, Esq.  
40 Broad Street, Suite 2000  
New York, NY 10004  
Tel.: (212) 742-8450  
Fax.: (212) 742-0161

        and

Defendant, Signature Flight Support Corp.,  
By its Attorneys,  
LUSHAN, McCARTHY & GOONAN  
    /s/ Michael Lushan  
By: _____  
Michael Lushan, Esq.  
496 Harvard Street  
Brookline, MA  02446  
Tel:  617-739-0700  
Fax: 617-734-5375